# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CORDELLRA MCCALEY**                                                   **PETITIONER**

**V.**                                   **NO. 4:21-CV-108-DMB-DAS**

**MISSISSIPPI DEPARTMENT**
**OF CORRECTIONS**                                          **RESPONDENT**

## OPINION AND ORDER

After Cordellra McCaley filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, the State of Mississippi moved to dismiss the entire petition as untimely and a specific ground for failure to state a claim. Because the Court finds the petition was filed after the statute of limitations expired and that McCaley cannot obtain relief on the challenged specific ground, dismissal will be granted.

## I
## Procedural History

On April 10, 2012, Cordellra McCaley was named in an indictment charging him with escape under Mississippi Code § 97-9-49(1)(a) and including two habitual offender sentencing enhancements under Mississippi Code § 99-19-81 and § 99-19-83. Doc. #7-1. Approximately six weeks later, on May 21, 2012, McCaley pled guilty to escape and the enhancement under § 99-19-81. Docs. #7-2, #7-4. In return, the state agreed to "[d]ismiss [the] § 99-19-83 portion of the indictment." Doc. #7-2 at PageID 41. McCaley was sentenced "to serve a term of FIVE (5) YEARS … which pursuant to MCA § 99-19-81 … shall not be reduced or suspended nor shall [he] be eligible for parole or probation." Doc. #7-4.

Over nine years later, on August 25, 2021, McCaley filed a petition for a writ of habeas

corpus[1] in the United States District Court for the Northern District of Mississippi asserting three grounds for relief: (1) "Illegal Sentencing;" (2) "False imprisonment;" and (3) "Pain in Suffering," specifically based on him being denied parole. Doc. #1 at 5–8. In the petition, McCaley indicates he did not appeal his conviction or seek any other relief related to his conviction in state court. *Id.* at 2–3. After being ordered to answer the petition,[2] the State filed a motion to dismiss on October 22, 2021. Doc. #7. McCaley did not respond to the motion.

## II
## Discussion

The State argues that McCaley's petition is untimely under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") and, with respect to parole, that McCaley fails to state a claim. Doc. #7 at 12–13.

The AEDPA "requires state prisoners to file for federal habeas relief within a year of their conviction becoming final. … That limitations period is statutorily tolled during the pendency of a properly filed application for State post-conviction or other collateral review." *Jones v. Lumpkin*, 22 F.4th 486, 489 (5th Cir. 2022) (cleaned up). "[I]n limited circumstances, a court may equitably toll the limitations period." *Id.* Such "equitable tolling is warranted in only rare and exceptional circumstances … where the petitioner shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 490 (internal quotation marks omitted).

McCaley entered his guilty plea on May 21, 2012, and was sentenced the same day. *See*

---

[1] In addition to the relevant conviction, McCaley is in state custody pursuant to a fifteen-year sentence for burglary and a five-year sentence for possession of contraband in prison, and has a tentative release date of April 17, 2036. *Inmate Search*, MISS. DEP'T OF CORR., https://www.ms.gov/mdoc/inmate/Search/GetDetails/164032 (last visited Aug. 8, 2022).

[2] Doc. #4.

Docs. #7-2, #7-4. Under Mississippi Code § 99-35-101, "where [a] defendant enters a plea of guilty and is sentenced, … no appeal from the circuit court to the Supreme Court shall be allowed."[3] Thus, McCaley's conviction became final on May 21, 2012, and his federal petition was due by May 21, 2013, well before his petition here was filed. And because McCaley did not file a motion for post-conviction or other collateral relief in state court, he is not entitled to statutory tolling. Consequently, for McCaley's petition to be timely, he must show equitable tolling applies.

McCaley cannot meet his burden of showing "rare and exceptional circumstances"[4] to justify equitable tolling. In his petition, McCaley represents that he did not seek relief from the state courts because he "[d]idn't become aware of the illegal sentence until years later" and he "[d]idn't know the law." Doc. #1 at 4. However, these assertions do not excuse the untimely filing of his petition. *See United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008) ("[T]he lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA statute of limitations."). His argument that he is serving an "illegal sentence" also does not entitle him to equitable tolling because "such a claim is not an exception to the federal habeas statute of limitations." *Curry v. Settlemires*, No. 3:19-cv-251, 2021 WL 1624281, at *8 & n.14 (N.D. Miss. Jan. 26, 2021) (collecting cases), *report and recommendation adopted*, No. 3:19-cv-251, 2021 WL 1087810 (N.D. Miss. Mar. 22, 2021). And because McCaley failed to respond to the State's motion, he has not presented any additional argument or evidence

---

[3] "Prior to the 2008 amendment of section 99-35-101, a defendant who entered a guilty plea and was sentenced could challenge the validity of his sentence on direct appeal. … However, the amended version … prohibits any direct appeal upon entry of a guilty plea." *Berry v. State*, 230 So. 3d 360, 363 (Miss. Ct. App. 2017) (cleaned up); *but see Wrenn v. State*, 121 So. 3d 913, 915 n.11 (Miss. 2013) (Kitchens, J. dissenting) (indicating the Mississippi Supreme Court has "acknowledged the amendment, but has not addressed whether [it] would invalidate [that] Court's determining that it has jurisdiction to consider direct appeals from the *sentence*, but not the guilty plea itself") (emphasis added). Regardless, even if McCaley could appeal his sentence, he failed to do so within the time allowed and his conviction became final thirty days later on June 20, 2012. *See* Miss. R. App. P. 4(a) (allowing thirty days to file a notice of appeal). Consideration of this date does not alter the Court's conclusion that his federal petition is untimely.

[4] *Jones*, 22 F.4th at 490.

to show that "he has been pursuing his rights diligently" and that "some extraordinary circumstance … prevented timely filing." *Jones*, 22 F.4th at 490.

Because McCaley failed to file his petition within the limitation period and is not entitled to either statutory or equitable tolling, his petition is properly dismissed as untimely. Further, McCaley is not entitled to relief under Ground Three, which challenges the State's failure to grant him parole, because "[p]arole … is discretionary in Mississippi, so prisoners in the state have no liberty interest in parole." *Wansley v. Miss. Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014). Ground Three is also properly dismissed for failure to state a claim.

### III
### Certificate of Appealability

Rule 11 of the Rules Governing § 2254 Cases in the United States District Courts requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim rejected on procedural grounds, a movant must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Based on the *Slack* criteria, the Court finds that a COA should not issue in this case.

### IV
### Conclusion

The State's motion to dismiss [7] is **GRANTED**. McCaley's petition for a writ of habeas

4

corpus [1] is **DISMISSED with prejudice**. A separate judgment will be issued accordingly.

 **SO ORDERED**, this 12th day of August, 2022.

                /s/Debra M. Brown
                **UNITED STATES DISTRICT JUDGE**